Rhodes v. Mummery.

---

## RHODES v. MUMMERY.

PLEADING.—*Justice's Court.*—An action commenced before a justice of the peace, if the complaint be good on its face, can not be dismissed on the supposed ground that the suit is brought to recover on a cause of action not stated in the complaint.

PRACTICE.—*Evidence.*—Unless the admission of improper evidence be assigned as a cause for a new trial, the error is not available on appeal to the Supreme Court.

Rhodes *v.* Mummery.

PARTITION FENCE.—*Statute.*—The statute, 1 G. & H. 343, sec. 15, providing that partition fences "shall be maintained throughout the year, equally by both parties," is not limited to repairs simply, but applies as well to the rebuilding of a fence destroyed by fire.

From the Lake Common Pleas.

*M. Wood, T. J. Wood* and *J. C. Denny,* for appellant.

*A. L. Osborn* and *W. H. Calkins,* for appellee.

DOWNEY, J.—This was an action commenced before a justice of the peace, by the appellee against the appellant, on the following cause of action:

"Robert Mummery complains of James Rhodes, and says that he is justly indebted to him in the sum of forty dollars for building and repairing forty rods of fence."

There having been judgment rendered for the plaintiff before the justice of the peace, the defendant appealed to the common pleas, where he moved the court to dismiss the case for the want of a sufficient cause of action. This motion was overruled, and the cause was tried by the court, and there was again a finding for the plaintiff. The defendant moved for a new trial for the reasons:

1. That the finding was contrary to law.

2. It was contrary to the evidence.

3. The finding was contrary to law and the evidence.

This motion was overruled, and there was final judgment for the plaintiff. Two errors are properly assigned; first, the overruling of the motion to dismiss the action; and, second, the refusal to grant a new trial.

The first question relates to the sufficiency of the complaint. No objection to it was made before the justice of the peace. Conceding that the objection was not made too late, and that the question is properly presented without any bill of exceptions, we think it was properly overruled. Counsel for the appellant say, in their brief, that the action was to recover one-half of the cost of building a partition fence, and they contend that the facts, which, under the statute, must exist to render the defendant liable, should have been specially alleged. But in this counsel go outside of the complaint for an objec-

Rhodes *v.* Mummery.

tion to it. The complaint being good upon its face, the motion, which was resorted to instead of demurring, did not present the objection that counsel urge.

The next question discussed by counsel is, that the court erred in admitting in evidence the notice to the appellant that the appellee would, on a day named, call upon appraisers to assess the amount necessary to build the partition fence. This question is not in the record. It should have been made a ground for a new trial. Not having been set down in the motion as a cause for a new trial, it can not be presented now for the first time.

The same must be said with reference to the admission in evidence of the assessment or report of the appraisers.

Again, it is urged that the partition fence in question had been burned down, and that the statute does not contemplate the rebuilding of a partition fence under such circumstances. The statute is, that, " except when otherwise specially agreed, partition fences, dividing lands occupied on both sides, shall be maintained throughout the year, equally by both parties." 1 G. & H. 343, sec. 15. We think this language is broad enough to cover the case in hand. The word " maintained," in this connection, may properly be construed to require a fence to be rebuilt as well as repaired. This is a small case, and the other questions depend upon the evidence. We think the evidence was of such a character that we can not disturb the judgment.

The judgment is affirmed, with costs.

OSBORN, J., was absent.

Opinion filed November term, 1873; petition for a rehearing overruled November term, 1874.