## ISAAC DYER *vs.* LUTHER FITCH *et als.*

*Right of party to compensation, where contract is ambiguous.*

By written agreement between these parties, the defendants repaired, used and occupied the plaintiff's canal. They were to collect and account for the tolls of all merchandise, including their own; and, "after deducting all costs, expenses and charges for repairing and running said canal," were to pay the net profits to the owner. A subsequent clause provided that the defendants should account for and pay over "the whole of said receipts, after deducting the expenditures in making said repairs." *Held,* that the defendants were entitled to retain from the tolls received by them a suitable compensation for their supervision of the canal and its repairs, though no express stipulation to that effect was to be found in the contract.

Reading the instrument by the light of all the attending circumstances—especially considering the subject matter, its extent, liability to need repairs, and the consequent necessity for constant supervision—the object in view,

that the canal should be made and kept available for public use, and that the defendants received no special benefits from their responsibility; the court think a reasonable construction requires the allowance to the defendants of the amount fixed by the auditor, for their superintendence of the canal and its operations during the season it was under their charge.

ON REPORT.

ASSUMPSIT, submitted upon the report of an auditor. The facts are given in the opinion.

*Mattocks & Fox*, for the plaintiff.

*S. C. Strout* and *H. W. Gage*, for the defendants.

VIRGIN, J. The plaintiff, owning three-eighths of the Cumberland and Oxford Canal, granted the defendants written permission to repair, use and occupy it during the season; to collect and account for tolls upon merchandise transported thereon by and for themselves as well as others; to keep and render a true account of their transactions; "and after deducting all the cost, expense and charges for repairing and running said canal," to pay the plaintiff "one full three-eighths part of the net receipts and earnings derived from the use and occupation of said canal," and the remainder to the owners of the other five-eighths, "in full compensation for the license and permission given."

In consideration thereof, the defendants agreed to "keep a just and true account of all moneys expended in making the necessary repairs, and also of all moneys received for tolls or revenue upon and for the use of said canal, as well as that due and payable upon all goods and merchandise transported by or for themselves," render to the plaintiff and other owners a true account of such expenditures and receipts, "and pay over to said Dyer three-eighths part of the whole of said receipts after deducting the expenditures in making said repairs."

Although the parties took pains to reduce their agreement to writing, they do not understand it alike in one respect. Of this matter of difference the contract makes no express mention. But

the defendants, calling attention to the clause in the first part of the contract relating to the mode for ascertaining what they are to pay, claim that they have a right to deduct as "cost, expense and charges for repairing and running said canal," a reasonable sum (which the auditor finds to be $640) for superintending the operation.

On the other hand, the plaintiff, turning attention to the clause relating thereto in the second part, contends that the defendants thereby expressly and unqualifiedly agree to pay him an aliquot part "of the whole receipts, after deducting the expenditures" for "repairs" alone.

But upon examination of all its provisions, and giving effect to all—reading the whole instrument by the light of all the attending circumstances; especially considering the nature of the subject matter—its extent, liability to need repairs and the consequent necessity for constant supervision; the object in view—that it should be kept open for the use of the public for whose benefit it was incorporated; together with the fact that the defendants receive no special benefits for their responsibility, but are bound to account for all tolls upon "all goods and merchandise transported by or for themselves," the same as upon those of all other persons —we think a reasonable construction requires the allowance to the defendants of the sum found by the auditor for their superintendence of the operation during the season.

The plaintiff's counsel do not urge their objection to the four other items. Therefore, by the terms of the report, the entry must be *Judgment for plaintiff for* $191.83 *and interest from December* 28, 1867.

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.