ATTORNEY GENERAL *vs.* UNION SOCIETY OF WORCESTER.

Worcester.    October 3. — 23, 1874.    COLT & MORTON, JJ., absent.

A testator bequeathed a sum of money to a religious society in trust to invest and apply " the interest thereon and increase thereof" "towards defraying the expenses of maintaining a minister and public worship" in a mission chapel devised by the will to the same trustees. The will provided that the rent of certain real estate should be applied " in keeping the premises," which included the chapel, "in repair, in paying the contingent expenses, in conducting and managing the same," and " the surplus, if any, towards the support of the minister." It further provided that the principal of the fund might be applied to rebuilding the chapel if destroyed. The trustees applied a small part of the income of the trust fund to the payment of the sexton, and for fuel used in the chapel. *Held,* that such use of the income of the fund was not a misapplication of it.

INFORMATION in equity by the Attorney General, at the relation of the Rev. Henry T. Cheever, alleging that the Union Society of Worcester, the trustee under the will of ̷ Ichabod Washburn of certain real estate and of a fund of twenty thousand dollars had misapplied a part of the income of said fund. *Gray,* C. J., gave judgment for the defendant, and the Attorney General appealed. The case is stated in the opinion.

*H. T. Cheever, (J. F. Manning* with him,) for the Attorney General.

*H. Williams,* for the respondent.

DEVENS, J.   The information before us presents a question o, construction, arising upon the will of Ichabod Washburn, late of Worcester, whereby he devised to the Union Society a certain tract of land, with a meeting-house known as the Mission Chapel, and other buildings thereon, and also bequeathed to the same society the sum of twenty thousand dollars, both upon the trusts and for the purposes declared in the will.   The plan which the testator proposes as a charity is set forth with some minuteness of detail, and is substantially a provision for a suitable and respectable place of public worship, where every decent and orderly person, under proper regulations, for the adoption of which he arranges, may attend free of charge.   After providing for the management of the real estate, and the investment of the fund of twenty thousand dollars, the will directs that " the interest thereon and income thereof " " be applied by said trustees towards defraying the expenses of maintaining a minister and public worship as herein expressed," with a further provision that they may apply the principal towards rebuilding the house, if destroyed.

The trustees have applied a small portion of the income of this fund to payments for the services of the sexton who has had the care of the chapel, and also for fuel used therein.   The relator contends that the only object for which they are authorized to expend their income is that of maintaining a minister at the chapel ; that it is for the support of the pulpit only ; and that even if these expenditures are reasonable, if they could properly be made, it is a misappropriation of the trust funds in the hands of the respondents.   This view of the construction of the will is erroneous : it gives no force to the latter clause of the direction as to the application of the income, and treats the words " public worship as herein above expressed " as a mere redundancy of language.   This cannot properly be done ; the words so clearly indicate an object distinct from that of supporting the minister only, that we should not do justice to the intent of the testator, as expressed by him, to disregard them.

Nor do we find anything, on examining the other parts of the will to which our attention has been called by the relator, to induce us to doubt that the true construction is in accordance with what is the apparent and obvious meaning of this sentence.

Provision is made that the trustees shall permit the deacons (in whose charge the real estate is to be) to let such portions thereof, other than the meeting-house, as they may judge best, upon reasonable rents, and collect and apply the same " in keeping the premises in repair, in paying the contingent expenses, in conducting and managing the same, and causing the same to be insured, and appropriate and apply the surplus, if any, towards the support of the minister." It is argued from this that the testator considered that he had so amply provided for all contingent expenses by the rents that there would be a surplus therefrom to be applied to the support of the minister, and therefore that he could not have intended that any portion of the income of the trust fund should be appropriated to them. But even if we assume that the " contingent expenses " here referred to are those connected with the conducting of public worship, and not those only connected with the care of the real estate, as the association in which the words are found would seem to indicate, we could not hold that, because the testator desired that the rents, if any, should be applied to this purpose, he did not also desire that a reasonable portion of the income of the fund should also be devoted thereto, if in the judgment of the trustees it became necessary.

As indicated by the expressions used in the codicil, the testator undoubtedly also wished, from the greater interest which would thus be created among those who worshipped at the Mission Chapel, that some portion of the expenses should be borne by them, but by such expressions he did not intend to limit the powers he had given to the trustees of his charity. That public worship at the Mission Chapel could not be conducted without certain incidental expenses, he must have contemplated. It does not appear that there are any means of meeting them from the rents of the real estate, and if from indifference or inability those who worship at the Mission Chapel neglect to provide for them, he did not intend that his bounty should fail, but gave an authority by which the trustees are justified in meeting them from the income of the fund in their hands.        *Information dismissed.*