[L. A. No. 772.   Department One. — February 26, 1901.]

# I. D. ROGERS, Respondent, v. RIVERSIDE LAND AND IRRIGATING COMPANY, Appellant.

CANAL — EXPENSE OF MAINTENANCE AND REPAIR — EXPENSE OF LITIGATION — CONSTRUCTION OF DEED RESERVING WATER RIGHT. — A deed of a canal, reserving the right to carry therein a certain amount of water, subject to payment of a proportionate share of the entire expense of maintaining and repairing the canal, is to be construed as including in such entire expense any expense incurred in keeping the canal in such condition as to protect the owners of water flowing therein from loss as far as possible, and in defending and maintaining suits for that purpose.

ID. — ACTION FOR PROPORTIONATE SHARE OF EXPENSE — ATTORNEY'S FEES IN NECESSARY LITIGATION. — In an action by the tenant of the grantee of the canal, against the successor in interest of the water right of the grantor, to recover, under the terms of the deed, the proportionate share of the entire expense of maintaining and repairing the canal, the plaintiff may show, as included in the entire expense, attorney's fees incurred in defending actions brought to restrain the grantee of the canal from a reasonable exercise of the power of regulation and management of the canal, in the interests of owners of water flowing therein, and also attorney's fees incurred in a suit to collect unpaid assessments from owners of water.

ID. — EVIDENCE — JUDGMENT ROLLS — ISSUES — NEW MATTER IN ANSWER. — The judgment rolls in such actions are admissible to show the nature of the actions, and the necessity of incurring attorney's fees therein.   In the actions defended, the issues are not to be deemed to arise upon the complaint alone, but also upon new matter in the answer, deemed to be controverted by implication of law.

ID. — FINDINGS AS TO RESERVATION — HARMLESS VARIATION IN TERMS. — Findings relative to the reservation, made in language not precisely conforming thereto, but which sufficiently show that the defendant has an easement or right in the canal, subject to or conditioned upon paying its proportion of the expenses for maintenance and repair thereof, are productive of no injury to the defendant.

APPEAL from a judgment of the Superior Court of Riverside County.   J. W. Ballard, Judge presiding.

The facts are stated in the opinion of the court.

John G. North, and Purington & Adair, for Appellant.

E. W. McGraw, for Respondent.

VAN DYKE, J.— On the fifth day of February, 1890, the North Riverside Land and Water Company was the owner of the portion of the canal in question here, from the source of the same in the Rancho San Bernardino down to the west line of the Rubidoux Rancho, and on that day conveyed the same to the Stearns Ranchos Company. The deed of conveyance contained the following reservation: "Hereby specially reserving, however, the right of way to carry through such canal the 350 inches of water, being the same 350 inches reserved by first party in its conveyance of other water to second party by indenture dated May 23, 1888, . . . subject, however, to first party's paying the proportion of the entire expense of maintaining and repairing such canal that 350 inches of water sustains and bears to the entire amount of water from time to time being carried through said canal." The plaintiff is the lessee and tenant in possession of said canal under the said Stearns Ranchos Company. The defendant, by mesne conveyances from the North Riverside Land and Water Company, acquired its said right to a portion of said water to be carried through said canal. The suit is for the portion, alleged to be due from the defendant, of the expenses of maintaining and repairing such canal or ditch from June 1, 1897, to August 1, 1898. The aggregate expenses for the whole canal were $4,386.35, defendant's portion thereof being $358.32, for which amount judgment was rendered in favor of the plaintiff.

The first point made by appellant is, that the court erred in overruling defendant's objection to the admission in evidence of the judgment rolls in the cases of B. R. Smith against Stearns Ranchos Company, and Riverside Land and Irrigating Company v. Stearns Ranchos Company. Among the items in the aggregate expenses are five hundred dollars, attorney's fees for defending the suits in question. This, and twenty-five dollars attorney's fees in another case, going into the aggregate expenses, are the only items of expenses in reference to which any question is raised. The introduction of the judgment rolls was for the purpose of showing the nature of the actions, and the necessity of incurring the expense of attorney's fees in defending the same. The actions in question were brought to restrain the defendants therein from making certain changes and alterations in certain flumes, boxes, pipes, and penstocks.

It is maintained by appellant's counsel that "whether the

defense in the two suits named was necessary expense of 'maintenance and repair' was to be determined from the complaint alone, and, if the defendant had defaulted and the plaintiffs had secured all the relief demanded in the prayers of their complaints, such relief would not in any sense have interfered with the maintenance and repairs of the canal." Appellant's counsel also contends in his brief that it was not necessary to defend those suits, and hence it was not necessary to employ an attorney for that purpose; but the finding of the court on the issue raised by the affirmative matter in the answers would seem to show that the defense of the suits was necessary in order to carry out the improvements,—that is, proper maintenance and repairs of the canal.

The answers in said actions set up that there was good cause for making the changes; that the plaintiffs in said actions, and others on the canal, were habitually using water to which they were not entitled, and which belonged to other persons, thereby depriving the other persons of the water to which they were entitled.

The court found that the defendant, I. D. Rogers, as the lessee and tenant in possession, threatened to remove the outlets, flumes, boxes, pipes, and penstocks mentioned in the complaint, and to replace them with others better adapted to prevent the waste and unauthorized use of water; that the removal of said outlets, flumes, boxes, and penstocks, and the substitution for them of others, was a reasonable exercise of the power of regulation and management of such canal.

Appellant's counsel is mistaken in supposing that issues in a cause can be raised only by allegations in the complaint controverted by the answer. Very frequently the most important issues tried in a cause arise outside of the allegations in the complaint. In addition to the denials contained in the answer, it may contain a statement of new matter constituting a defense, and the statement of such new matter in the answer, on the trial, is deemed controverted by the opposite party; and an issue arises from such new matter in the answer thus controverted by implication of law. (Code Civ. Proc., secs. 437, 462, 588, 590.)

The proper construction of the terms, as used in the reservation contained in the deed to the Stearns Ranchos Company, would seem to be that the canal or ditch should be kept in such condition as to enable the owners of water, who have

the right, to have the same carried or conveyed through said ditch or canal unobstructed, and with as little loss as possible, and so as to prevent others from using or appropriating the quantity to which they may be entitled; and, whether breaks or obstructions should occur from natural causes, or by trespass or injunction suits, it would be equally the duty of the owner of the canal to prevent or remove the obstructions and repair the breaks. And if it should become necessary to bring suits or defend suits for the purpose of protecting the canal and keeping it in good repair, the expense of such litigation, including an attorney, would seem to be a part of the necessary expenses of maintenance and repair.

Under a contract of lease of a canal by which the lessee agreed to pay to the owner three eighths of the whole receipts from tolls, after deducting expenditures for *repairs*, it was held that the lessee was entitled to charge a salary for his own supervision of the canal. (*Dyer* v. *Fitch*, 63 Me. 170.)

See also the following cases, in reference to what the terms, in a convenant or agreement of "maintaining and repairing," will include: *Rhodes* v. *Mummery*, 48 Ind. 216; *Attorney-General* v. *Union Society etc.*, 116 Mass. 167; *Foster* v. *Goddard*, 1 Black (U. S.) 506; *Regina* v. *Heath*, 6 Bert. & S. 587; *Sevenoaks etc.* v. *London etc. Ry. Co.*, L. R. 11 Ch. Div. 634.

The other attorney's fee of twenty-five dollars was incurred in bringing suit for the collection of unpaid assessments from different users of water, carrying the same in said canal. The expense of maintaining and repairing the canal is borne ratably by the parties who are entitled to convey water through the same, and unless the assessments or rate due from such parties could be collected, there would be no means of keeping the canal in repair. If any of such parties refuse to pay their *pro rata* of the assessment, or expenses for the purpose of maintenance and repairs, it would be necessary to enforce the collection by suit, and it would be clearly in the interest of those who do pay their *pro rata* to compel the others to contribute their portion also.

Appellant's counsel objects to the language of findings 4 and 20, where it is said, "the defendant was by plaintiff permitted to convey water through said canal," and also to the language in finding 13, wherein it is said that the only interest which the defendant had in the canal was an easement therein to carry water through the same, "conditioned upon

payment therefor, as alleged in the complaint." The reservation in the deed of conveyance already set out reserves to the defendant the right of way to carry through such canal its quantity of water, "subject, however, to first party's paying the proportion of the entire expense in maintaining and repairing such canal." If the language of the findings objected to is not precisely that contained in the reservation, no injury to the defendant results therefrom. It sufficiently appears from the findings that the defendant has an easement or right in the canal, subject to or conditioned upon paying its proportion of the expenses for maintenance and repairs.

The judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.