[Civ. No. 1846. Second Appellate District.—October 31, 1918.]

## RAUCHENS JACUZZI, Respondent, v. FRANK JACUZZI, Defendant; EARLE REMINGTON, Appellant.

APPEAL—JUDGMENT—PAYMENT AS AN ISSUE—FAILURE TO FIND.—On appeal from a judgment in an action for work and labor, where non-payment was alleged in the complaint and put in issue by the answer, a finding that the services were rendered by the plaintiff at the special instance and request of the defendant and that the reasonable value thereof was a stated sum, does not cover the issue of nonpayment, and the failure to find on that issue renders the judgment fatally defective.

ID.—ISSUES UNDER CROSS-COMPLAINT—ABSENCE OF FINDINGS.—Failure to find on issues presented by a cross-complaint is immaterial where the facts alleged in the cross-complaint are not inconsistent with those alleged in the complaint, and the finding of indebtedness due plaintiff necessarily involves a consideration of the claim in the cross-complaint.

APPEAL from a judgment of the Superior Court of San Bernardino County.   H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

Rose & Scoville, for Appellant.

Ernest M. Torchia, for Respondent.

JAMES, J.—Plaintiff sued defendants for a sum of money, alleging that the debt was incurred by defendants for work and labor performed at defendants' request. Appellant Remington filed an answer denying the indebtedness, and

also a cross-complaint, to which plaintiff made denial. The court found that plaintiff was entitled to recover, and rendered judgment accordingly. This appeal was taken from the judgment and is presented on the judgment-roll alone.

The contentions of appellant are that the court failed to find on the issue as to the nonpayment of the plaintiff's claim, and also failed to make particular findings on the issues presented by the cross-complaint. It is true that the court failed to make a finding as to the nonpayment of the debt, merely finding that within two years before the commencement of the action labor and services were rendered by plaintiff at the special instance and request of appellant, and that the reasonable value thereof was a certain sum, stating it. The complaint was sufficient in its allegation as to nonpayment and the answer took issue with it as to that fact. The allegation of nonpayment made in the complaint was essential to the statement of a good cause of action. "It has been held in numerous cases that a party suing upon a contract to pay money must show a breach of the contract—that is, must allege the nonpayment of the money which he seeks to recover—or his complaint states no cause of action, and may be assailed by a general demurrer. In *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, [22 Pac. 939]—the last case in which the rule is declared—it is said: 'The complaint was fatally defective in this respect. It contained no allegation of nonpayment; nor is there any allegation from which such nonpayment can be implied.' '' (*Grant* v. *Sheerin*, 84 Cal. 197, [23 Pac. 1094].) Respondent cites certain cases dealing with the sufficiency of findings where no issue was made by the pleadings. Those authorities are not applicable to the case here. That the trial court is required to make findings upon all material issues seems not to be controverted, and that a failure to make such findings is ground for reversal. (*Kusel* v. *Kusel*, 147 Cal. 52, [81 Pac. 297].) The case is not helped by a consideration of the contention, sustained by authorities (*Melone* v. *Ruffino*, 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93]), that the defense of payment was affirmative on the defendant and that, in the absence of any finding shown in the judgment-roll determining that issue, it will be 'presumed no evidence was introduced thereon. Assuming that no evidence was presented by the defendant sufficient to show that payment had been made, this fact would only have aided the

plaintiff to the extent of entitling him to a finding in his favor on the issue.

As to the failure to make findings on the issues presented by the cross-complaint, we agree with respondent's counsel when he says: ''The facts alleged in the cross-complaint are not inconsistent with those alleged in the complaint, being merely an offset in part, and the finding of indebtedness due plaintiff necessarily involves a consideration of the claim in the cross-complaint.'' In *Stewart* v. *Hollingsworth,* 129 Cal. 177, [61 Pac. 936], the court said: ''In the absence of any bill of exceptions or other showing that evidence was given upon the issues presented by the cross-complaint, the omission of the court to make findings upon such issues is not a ground for reversal''; there being added in the opinion the statement which is set forth in substance by counsel for respondent and which we have quoted from his brief.

The judgment is reversed.

Conrey, P. J., and Myers, J., *pro tem.,* concurred.