[L. A. No. 7274. In Bank.—April 10, 1923.]

## LLANO INVESTMENT COMPANY (a Corporation), Appellant, v. E. C. MINTON, Respondent.

[1] MONEY HAD AND RECEIVED—EMPLOYER AND EMPLOYEE—FINDINGS —PLEADING—NEW MATTER IN ANSWER TO CROSS-COMPLAINT— ISSUES.—In an action to recover from an employee a sum claimed not to have been turned over by him to plaintiff after a sale of the latter's goods, an allegation in an answer to defendant's cross-complaint for a balance due under his employment, setting up as new matter that defendant was employed by it under a contract with its predecessor, of which contract plaintiff was the assignee, was deemed denied by defendant, and a new issue was presented with respect to the nature of defendant's contract of employment, making a finding thereon proper.

[2] ID.—PLEADING—ISSUES—FINDINGS.—In an action to recover from an employee a sum claimed not to have been turned over by him to plaintiff after a sale of the latter's goods, where plaintiff, in its answer to defendant's cross-complaint for a balance due for services rendered plaintiff under a contract of employment, set up as new matter that defendant was employed by it under the contract with its predecessor, of which contract plaintiff was the assignee, and the trial court found that such was the fact, and further found that plaintiff assumed all the obligations and liabilities under the contract, a further finding that there was a balance due, owing, and unpaid to defendant by plaintiff in a stated sum upon the salary of defendant "under his employment by the plaintiff and its predecessors referred to, after all charges and debits, which the plaintiff and its predecessors had against the defendant, had been made against him," was not a finding outside of the issues raised by the pleadings.

[3] ID.—PAYMENT—FINDING—SUFFICIENCY OF.—In such action, where all the facts upon which the indebtedness of plaintiff rested occurred before the commencement of the action, the finding that there was a balance due, owing, and unpaid to the defendant by plaintiff in a stated sum on the day the action was commenced was sufficient to support the judgment in favor of defendant, and, in the absence of a subsequent satisfaction or mitigation, such as payment, was equivalent to a finding that said sum was due, owing, and unpaid at the time judgment was rendered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

. Packard & Fisher and John C. Packard for Appellant.

Albert Sidney Brown for Respondent.

LAWLOR, J.—Plaintiff commenced this action to recover the sum of $550.30 from defendant as money had and received, alleging that defendant was employed by plaintiff to superintend a ranch which plaintiff controlled and was authorized to sell certain goods belonging to plaintiff; that he sold the goods and received the sum of $1,400.30 therefor; that he had turned over to plaintiff but $850 of that amount and was therefore indebted to plaintiff in the sum prayed. Defendant denied all the allegations of the complaint and filed a cross-complaint, in which it was alleged that he was employed by plaintiff as superintendent of its ranch from December 10, 1917, to May 12, 1920; that for his services plaintiff promised to pay him at the rate of $50 per month from December 10, 1917, to October 31, 1918; of $100 per month from November 1, 1918, to February 29, 1920, and of $150 per month from March 1, 1920, to May 12, 1920; that the total salary promised was $2,493.33; that there is owing him for salary from November 21, 1919, to May 12, 1920, the sum of $693.33; that defendant used his automobile in connection with plaintiff's business at plaintiff's request, for which plaintiff agreed to pay a reasonable sum; that $276, or $15 per month for eighteen and two-fifths months, is a reasonable amount for such use, wherefore defendant prayed judgment for the sums of $693.33 and $276.

Answering the cross-complaint, plaintiff denied that defendant was employed by it from December 10, 1917, to May 12, 1920, and alleged that he entered into a contract of employment with the Llano Del Rio Company of Nevada, which contract was assigned to plaintiff, with defendant's consent; that defendant was employed by plaintiff under the contract from February 17, 1919, to April 7, 1920, and not for any other period; denied that it promised to pay defendant for his services the sum of $2,493.33, or any other sum in excess of $675, the amount provided by the contract, which, it was alleged, has been paid to him, and denied all the allegations with respect to the use of the automobile.

190 Cal.—48

Upon the trial the court made and filed findings of fact and conclusions of law, and pursuant thereto entered judgment that defendant recover from plaintiff the sum of $505.26 and his costs. From that judgment plaintiff takes this appeal upon the judgment-roll alone.

The first contention of appellant is that the judgment is based upon a cause of action not within the allegations of the pleadings and therefore not sustained by them. In support of this position are cited *Chetwood* v. *California National Bank*, 113 Cal. 414 [45 Pac. 704], *Wilson* v. *White*, 84 Cal. 239, 241 [24 Pac. 114], *Benedict* v. *Bray*, 2 Cal. 251 [56 Am. Dec. 332], *Eidinger* v. *Sigwart*, 13 Cal. App. 667, 674 [110 Pac. 521], and *McCormick etc. Co.* v. *Nofziger Bros. L. Co.*, 10 Cal. App. 241 [101 Pac. 688], to the effect that a plaintiff must recover upon the cause of action set out in his complaint and not upon a different case made out by the findings or proof.

The court found that there was a balance due, owing, and unpaid to respondent by appellant upon the salary of the defendant "under his employment by the plaintiff and its predecessors referred to, after all charges and debits, which the plaintiff and its predecessors had against the defendant, had been made against him," the sum of $505.26. It is claimed this finding is based upon a cause of action which respondent might have against appellant for salary under an employment by appellant *and its predecessors*, whereas respondent in his cross-complaint alleged only that he was employed by the appellant, saying nothing about its predecessors, and that there was a sum due him from appellant from November 21, 1919, to May 12, 1920. Appellant insists now that it could not be called upon to prove all charges and debits which appellant or its predecessors had against respondent; that the finding cannot be construed as a finding of a balance due and unpaid under an employment by appellant alone, and that no basis exists upon which to infer that the balance due under the three employments was the same balance as might be due under only one of them.

[1] In its answer to the cross-complaint appellant set up as new matter that respondent was employed by it under the contract with its predecessor, of which contract appellant was the assignee. This allegation is deemed to have been

denied by respondent (*Colton L. & W. Co.* v. *Raynor*, 57
Cal. 588, 589') and a new issue was presented with respect
to the nature of respondent's contract of employment
(*Rogers* v. *Riverside L. etc. Co.*, 132 Cal. 9, 11 [64 Pac.
95]). As intructions upon issues so presented are proper
(*Rankin* v. *Sisters of Mercy*, 82 Cal. 88, 95 [22 Pac. 1134]),
similarly, findings upon them are not outside the pleadings.

[2] In the case at bar the court found, against respond-
ent's allegation, that he had not been employed from 1917
to 1920 by appellant, but, as alleged in the answer to the
cross-complaint, that his employment was under the con-
tract set forth—first with appellant's predecessor and sub-
sequently with appellant, following the assignment of the
contract. It was further found that appellant assumed all
the obligations and liabilities under the contract. Under
such circumstances the fact that there had been several
employers instead of one is immaterial, inasmuch as appel-
lant occupied the same position as its predecessors. Also,
all the rights and obligations which had arisen under the
contract at any time would have to be considered to deter-
mine the balance due at the time of its termination. There
is no contention that the finding in question is not based on
proper evidence and it must be assumed the parties pre-
sented to the court all their respective claims under the
contract. It may be remarked that as respondent alleged
he had been fully paid up to November 21, 1919, at which
time he was admittedly working for appellant, the charges
and debits prior to that time could only have run in favor
of appellant and, according to the finding, charges and
debits were made in favor of appellant only.

The court further found that the contract between re-
spondent and appellant, to which appellant became a party
by assignment, was superseded on November 1, 1918, by a
new agreement, under which respondent was to receive $100
per month, commencing November 1, 1918. Thereupon, con-
sidering the charges and debits in favor of appellant under
the old contract and those under the new one, the court
found that there was due and owing to respondent the sum
of $505.26. This finding is entirely consistent with the
issues presented by appellant in its answer to the cross-
complaint.

**[3]** Appellant's second point is that the judgment is not sustained by the findings. The court found there "was a balance on May 12, 1920, due, owing, and unpaid to the defendant by the plaintiff," the sum of $505.26. This finding, it is claimed, does not show appellant had not paid the money due on that day or that there now exists or has existed subsequent to May 12, 1920, any obligation on appellant's part to pay respondent. It is pointed out that in its answer to the cross-complaint filed June 4, 1920, appellant denied it owed respondent anything. *Majors* v. *Cowell,* 51 Cal. 478, 483, is cited to the point that "under our present Code of Civil Procedure, as we have repeatedly held, the findings must support the judgment, and no facts in issue will be presumed to have been proved except those which are found." We are also referred to *Jacuzzi* v. *Jacuzzi,* 38 Cal. App. 533 [176 Pac. 872]. That was an action to recover money for work and labor performed by the plaintiff at the request of the defendant. The court found the work had been performed two years before and that a stated sum was the reasonable value thereof, making no finding that it was unpaid. It was held the issue of payment was raised by the pleadings and that the finding referred to was insufficient to support the judgment.

However, we are of the opinion the finding that the amount appellant owed to respondent was unpaid on May 12, 1920, the day the action was commenced, is sufficient to support the judgment in the case at bar and distinguishes it from *Jacuzzi* v. *Jacuzzi, supra.* All the facts upon which the indebtedness of appellant rested occurred before May 12, 1920. Whether or not there was a sum owing and unpaid was a conclusion to be drawn from the facts as they existed at that time, regardless of when appellant denied it was indebted. In the pleadings filed after the commencement of the action there were no events alleged to have occurred after that date which would have changed the situation. Therefore, in the absence of a subsequent satisfaction or mitigation, such as payment, a finding that a balance was due, owing, and unpaid on May 12, 1920, would be equivalent to a finding that it was due, owing, and unpaid at the time judgment was rendered. There was no allegation that the amount had been subsequently paid and in order to hold that it was paid after May 12, 1920, it would be necessary

to assume that the issue of payment after that time had been raised; that evidence had been offered to that effect, and that the court had failed to make a finding thereon. Such an assumption will not be indulged, in view of the rule laid down in *Himmelman* v. *Henry*, 84 Cal. 104, 106 [23 Pac. 1098; 1099], that ''The findings must be sufficient to support the judgment, and must contain nothing inconsistent with it, but a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue.''

The judgment is affirmed.

Kerrigan, J., Seawell, J., Myers, J., Waste, J., Lennon, J., and Wilbur, C. J., concurred.