## THOMAS E. KIMBALL v. C. D. SEMPLE et als.

UNAUTHENTICATED STATEMENT.— An unauthenticated document, purporting to be a statement on motion for new trial, will be stricken from the transcript on appeal.

STATEMENT IN TRANSCRIPT.—If a statement in the transcript is not authenticated, and the appellant afterwards brings up a certified but defective statement, he will not be allowed to use the second statement in connection with portions of the first, as the statement in the case.

TRANSCRIPT ON APPEAL.—It is the duty of the appellant to furnish the Supreme Court with a complete, clean, properly arranged, and properly authenticated transcript.

SKELETON STATEMENTS.—A skeleton statement, containing the words "[ here insert deed, etc.] " describing it, omitting, without consent of the parties, the documents thus directed to be inserted in the statement as settled, will be stricken from the transcript on appeal.

IDEM.—The proper practice is to engross the statement as settled, including so much of the deeds and other documentary evidence pertaining to the case as is directed to be inserted, and have the authentication of the Judge or attorneys indorsed on the engrossed statement.

IDEM.—An appellant cannot leave out of the transcript any portion of the statement as settled, unless on stipulation of the other party.

ENGROSSING STATEMENT.—A statement ought always to be engrossed where any amendments are allowed, or where documentary evidence is directed to be inserted, especially when such documents constitute no part of the files or records of the Court.

FILLING OUT SKELETON STATEMENT.—Where documentary evidence is referred to in the statement on motion for a new trial, and directed to be inserted, the

appellant cannot, without the assent of the other party, insert copies of the same in the transcript on appeal, unless the statement has been engrossed as settled, and afterwards authenticated, or unless the originals are on the files of the Court, or constitute a part of its records, so that they can be authenticated as a part of such record by the certificate of the Clerk.

DEEDS IN A STATEMENT.—It is seldom necessary to insert an entire deed in a statement. When the deed is regular, and no question is made on it, it is sufficient to say that a deed was introduced from A. to B., showing that A.'s title had vested in B.

IMMATERIAL MATTER IN TRANSCRIPT.—The place to object to immaterial matter in a statement is when it is made up and settled. If immaterial matter is introduced, and that fact is made to appear in the record, the party insisting on its introduction will be taxed with the costs of the immaterial matter.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

Action to recover possession of a tract of land in Colusa County. Plaintiff recovered judgment in the Court below, and defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*C. D. Semple*, and *Bowie & Catlin*, for Appellants.

*George Cadwalader*, for Respondent.

By the Court, SAWYER, J.:

When this case was finally disposed of, we had no time to reduce the grounds of the decision to writing. We think, however, they should be stated, in order that there may be no occasion for like action upon a similar record in future.

At the October term the appeal from the judgment was dismissed, on the ground that it was not taken in time. The appeal from the order denying a new trial only remained. As to this appeal, the respondent moved to strike out all of appellant's proceedings on motion for new trial, on the ground that it did not appear that any statement had ever been made or filed within the time allowed by law, or at any time; or that any motion for new trial had ever been filed; or that the document called a statement in the record had ever been

agreed to by the parties, or settled by the Judge. It was manifest from an inspection of the transcript, that all the objections were well founded, and that there was no record here upon which the appellant was entitled to be heard. It appeared to be simply a certified copy of such portions of an unauthenticated document on file in the Court below as the appellant chose to bring up. The appellant, upon affidavit showing that proceedings had been regularly taken to obtain a new trial, and that a statement on motion for new trial had been prepared, duly settled, certified by the Judge and filed, applied for an order under Rule XII, requiring the Clerk of the District Court to certify to this Court such evidence of the authentication of the statement upon motion for new trial as might be of record in the case, and especially the certificate of the District Judge that he had settled and allowed the statement, or any other paper on record " authenticating said statement on appeal." After a strenuous opposition by the respondent, on the ground that there was not a mere diminution of the record, but that appellant had utterly failed to bring up any record upon which he was entitled to be heard, the order was granted and the cause continued for the term. The Clerk, following the requirements of the writ, returned only the evidence of the service of notice of motion for new trial, the filing of statement and the authentication of the statement by the District Judge, which authentication is in the following words: " Indorsements on statement: ' The foregoing statement has been allowed by me and is correct. May 26, 1866. I. S. Belcher, District Judge.' ' Filed May 26, 1866.' " The Clerk certifies " that the above and foregoing is a full, true and correct copy of the original certificate of the District Judge allowing the statement on motion for new trial * * * as the same now remains of record and on file in the office of said Court." As the certificate of allowance by the Judge was thus certified up separately, the inference would perhaps be—if we were permitted to act upon inferences of the kind—that it was indorsed on the document before contained in the transcript purporting to be

a statement. The fact, however, did not appear otherwise than inferentially. To rebut this presumption, after the return to the certiorari had been filed in this Court, the respondent presented an affidavit of the Deputy Clerk of the District Court, showing that the certificate of the Judge certified up was indorsed upon a statement on file in his office, but that said statement upon which said certificate was indorsed, was not the statement contained in the transcript filed in this Court, and upon said affidavit procured a second certiorari to the Clerk of the District Court, in answer to which the Clerk made the following return :

" There is on file in my office a settled statement on motion for new trial in said cause, marked ' Filed May 26, 1866. D. E. Arnold, Clerk ; by T. H. Kernan, Deputy,' and indorsed thereon the following certificate : ' The foregoing statement has been allowed by me and is correct. May 26, 1866. I. S. Belcher, District Judge.' I further certify that said statement on motion for a new trial containing the above certificate and filing mark, is a different one from that set out in the transcript on appeal in this cause, and that the certificate above set forth applies to the statement on file in my office, and not to the paper set forth in the transcript called a statement on appeal or motion for a new trial."

Upon the record, as thus presented, the respondent at the present time renewed his motion to strike out, on the grounds before stated, and the further ground, that it now affirmatively appeared, that the matter sought to be struck out is not a transcript of the record of the proceedings on the motion for new trial ; and the motion was granted.

Subsequently, the appellant presented another transcript, certified by the Clerk, containing a statement on motion for new trial, with the certificate of allowance by the Judge, before certified up, indorsed thereon, which statement he certifies to be " a full, true, perfect and complete copy, in the exact words of the original now on file " in his office. This statement, however, is but a skeleton statement. It states,

for example, that certain patents, deeds, etc., were introduced in evidence, and then says, "(here insert patent)," "(here insert deed)," "(here insert all of deed except acknowledgment)," "(here insert descriptive part of deed and conditions)," etc., but the transcript does not contain the deeds, patents, descriptive portions, etc. They were doubtless regarded as material by one of the parties at least, or they would not have been required to be put in the statement, or allowed to go in by the Judge, if objected to. The first transcript filed contains what purports to be some of these descriptive parts, but not all of them, and some entire deeds and two patents, directed to be inserted, are entirely omitted. In the certificate to the last transcript, the Clerk certifies, that "the copies of the descriptive portions of the several deeds and documents set forth in the printed transcript" first filed "have by [him] me been compared with duly certified copies of the same, and are correct copies of such copies," with certain specified exceptions, in which excepted cases he states that the copies are not now in his possession. He also certifies that the copy of the "Jimeno survey decree," as it appears in said first transcript, "is a true copy of an *uncertified copy of decree furnished by appellant.*"

On the presentation of the last transcript and said certificate, appellant asks leave to file the same, and moves the Court to vacate the order striking out portions of the first transcript filed, with a view of using portions of the same, in connection with the last transcript, and the certificate thereto appended, as the transcript in the case.

If sufficient could be gathered by combining portions taken here and there from the first transcript with the last, such a practice would be inadmissible. It would impose upon the Court the labor of carefully comparing the two documents, and selecting out fragments here and there in one, and inserting them in their proper places in another, while it is the duty of the appellant himself to furnish the Court with a complete, clean, properly arranged, and properly authenticated transcript. (*People* v. *Edwards*, 9 Cal. 286 ; *Marlow* v. *Marsh*, 9

Cal. 259; *Skillman* v. *Riley*, 10 Cal. 300.) But an examination of the two transcripts shows, that a complete transcript cannot be constructed out of the two combined. The statement certified in the last transcript " in the exact words of the original " is a mere skeleton statement with all the documents and descriptive parts of documents, constituting the evidence which the statement itself requires to be inserted, left out. And it does not appear that the documents themselves are on the files of the Court, or that they constitute any part of the records of the Court below. It is highly probable that they are not, for they consist of deeds and other muniments of title belonging to private parties, which ought not to be, and are not usually filed. It appears affirmatively by the certificate of the Clerk that some of them are not in his possession. To this extent there is nothing among his records by which he is enabled to supply the defect. One patent required to be inserted, and therefore constituting a part of the statement, we may assume was omitted by stipulation, and, therefore, properly omitted; but another patent, one deed at least, and portions of others, are not to be found in either transcript, and it is not pretended that they were omitted by agreement. Some of these are claimed by respondent to be material to his case. The whole case, then, is not yet here. Even the descriptive portions of documents contained in the first transcript sought to be reintroduced on the last certificate, are not certified to be copies of anything now on file, or of record in the Clerk's office. The Clerk certifies that those " descriptive portions " have by him " been compared with duly certified copies of the same [of the deeds and other documents] and are correct copies of such copies, except," etc. Where did he obtain these certified " copies " for the purpose of the comparison? Probably they were furnished by the appellant. They certainly do not appear to be the identical instruments actually introduced in evidence, or to be a portion of the files or records of the Court. It is quite apparent that there are no materials in the record of the Court below from which the statement on motion for new trial, as it was settled and

intended to be approved and directed to be made up, can be completed. The whole difficulty on this point arises from the fact that the statement never was engrossed including all the documents referred to and directed to be inserted as a part of it, and the documents being private property and no part of the files or records of the Court, the record itself is defective. A statement ought always to be engrossed in full, especially when portions of the documents embraced in it are no part of the records of the Court. The authentication of the Judge or attorneys should also be indorsed on the statement thus engrossed. And this indorsement is a part of the record to be included in the transcript. The law has prescribed the mode by which statements on motion for new trial, and statements on appeal, shall be authenticated. "When agreed to it shall be accompanied by the certificate of the parties or their attorneys that the same has been agreed upon and is correct. When settled by the Judge, the same shall be accompanied with his certificate that the same has been allowed by him and is correct." (Practice Act, Secs. 195, 341.) This Court cannot regard statements that do not come authenticated in the mode prescribed. This has been so often held that there can be no excuse for bringing unauthenticated documents here. Without such certificate as the law requires, we cannot know but that a statement certified up is some document which a party has chosen to file *ex parte*. This would seem to be the case in the first transcript filed on this appeal.

The statute makes it the duty of *the appellant* to furnish the transcript. And it is his duty to furnish a *complete* transcript. "On appeal * * * from an order, the appellant shall furnish the Court with a copy of the notice of appeal, the * * * order appealed from, and a copy of the papers used on the hearing in the Court below, such copies to be certified in like manner to be correct. * * * *If the appellant fail to furnish the requisite papers, the appeal may be dismissed.*" (Prac. Act, Sec. 346.) This was an appeal from an order denying a motion for new trial, based on a statement. The statement was, therefore, "one of the papers used on the

hearing in the Court below." It was *appellant's duty to furnish a copy of the whole statement.* He was not authorized to leave out any portion unless upon stipulation of the other party. He is not authorized to assume that any part is immaterial and omit it. It is seldom necessary to insert an entire deed in a statement. When a conveyance is regular and no question is made on it, it is sufficient to say in the statement that a deed of such a date conveying the land from A. to B. was introduced, or that conveyances were introduced showing that the title of A. had become vested in B. But if, instead of a brief statement of the contents, conveyances in whole or in part are made a part of the statement, they become to that extent a part of the record, and cannot be omitted in the transcript on appeal unless by consent of parties. The place to object to the introduction of immaterial matter is when the statement is made up and settled. If matter clearly immaterial is introduced into the statement against the objection and exception of one of the parties, and the fact is made to appear in the record, the party insisting upon its introduction will be taxed with the costs of the immaterial matter, irrespective of his success on the appeal. But if introduced and allowed in the settled statement, the whole statement must be brought up, unless omitted by stipulation of the parties. We cannot presume that a part of a statement contains all that is relevant to the points that may be made. At all events the respondent cannot be compelled to have his case heard on a partial transcript. We review the action of the Court below, and in denying the new trial the District Court acted upon the entire statement as settled, and not merely upon that portion contained in the transcript.

Some portions of the record may be accidentally omitted, or some error made and not discovered till after the transcript is filed. Such accidental omissions may be corrected on suggestion of diminution of the record, in pursuance of Rule XII. But when a diminution of the record has been suggested, and an order directing the Clerk to certify up the part desired, *it is still the duty of the appellant to see the order complied with.*

*Until he does so, he has not furnished the Court with the transcript which the law contemplates and requires him to furnish.* In this case neither the first, nor the second transcript, nor the two combined, contain copies of all the papers used on the hearing in the Court below other than the patent omitted by consent. The whole record to which the respondent is entitled is not yet here, and it is evident that the record in the Court below is itself defective. The statement as settled by the Court never was engrossed, and the materials for filling up the skeleton statement are not among the files or records of the Court. The difficulty is not, as seems by appellant's counsel to be supposed, that a part of the evidence introduced on the trial is omitted, *but that a part of the statement upon which the Court acted in denying a new trial is omitted;* for the District Court must be deemed to have acted upon the statement as though it contained all that was directed to be inserted in it as settled. This is not a mere technical objection, but a substantial one, which we are not authorized to disregard. Besides, the appellant has had ample time to furnish the papers required by the statute if it was possible to do so; and the respondent has lost one if not two terms of Court by the failure of the appellant to furnish the papers which the law required him to furnish in the first instance.

The motion of appellant was therefore properly denied, and there being nothing left in the record disclosing the errors relied on, the order denying a new trial was properly affirmed.

Rehearing denied.

Neither Mr. Chief Justice CURREY, nor Mr. Justice SANDERSON, expressed any opinion.