112 375
114 689
112 375
123 535
112 375
126 15

[Sac. No. 71.    Department Two.—April 13, 1896.]

J. G. SWINNERTON ET AL., RESPONDENTS, *v.* ARGONAUT LAND AND DEVELOPMENT COMPANY, APPELLANT.

CORPORATIONS—GENERAL AGENT—OSTENSIBLE AUTHORITY—TERMINATION OF AGENCY—NOTICE.—A corporation is bound to persons who deal with it through one known to have been acting as its general agent, and ostensibly acting as such when dealt with, although the agency may have terminated in fact, if such persons had no notice of its termination.

ASSUMPSIT—IMPLIED PROMISE—REASONABLE VALUE OF SERVICES—INTEREST.—In an action upon an implied promise of the defendant to recover the reasonable value of services performed by plaintiffs, the amount, character, and value of which can only be established by evidence in court, or by an accord between the parties, and which are not susceptible of ascertainment by computation or by reference to market rates, the plaintiff is not entitled to interest prior to verdict or judgment.

ID.—EVIDENCE—DECLARATIONS OF AGENT—SERVICES OF COUNSEL—CAPACITY OF EMPLOYMENT.—Although the declarations of an agent are not admissible to prove the fact of agency, or the extent of his authority, yet his declarations, at the time of employment of the services of counsel, are admissible to show that counsel were employed on behalf of the principal, and not for himself in his individual capacity.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.    ANSEL SMITH, Judge.

The facts are stated in the opinion.

*Dudley & Buck,* for Appellant.

The actual agency was terminated before the employment of plaintiffs; and there is no evidence of any act traceable to appellant, making Fairbrother their agent in 1891 and 1892. His assuming to act and his statements do not supply the necessary proof. (*Mussey* v. *Beecher,* 3 Cush. 517; *Graves* v. *Horton,* 38 Minn. 66; Mechem on Agency, pars. 274, 276; *Law* v. *Stokes,* 90 Am. Dec. 655, note.) As plaintiffs never attempted to have any dealings prior to August or September, 1892, with Fairbrother, in his assumed capacity as agent of appellant, they were not entitled to notice of the termination of the actual agency in 1889. (Mechem on Agency, par. 224; *Tier* v. *Lampson,* 35 Vt. 179; 82 Am. Dec. 637.) There is no evidence that an ostensible agency existed in August or September, 1892. (*Harris* v. *San Diego Flume Co.,* 87 Cal. 526, 528; *Robinson* v. *Nevada Bank,* 81 Cal. 106; *Consolidated Nat. Bank* v. *Pacific Coast S. S. Co.,* 95 Cal. 15; 29 Am. St. Rep. 85.) The court erred in overruling appellant's objection to the question, asked Rutherford, " On whose behalf?" plaintiffs were employed, as it was a mere declaration of the agent as to the existence of the agency. (*People* v. *Dye,* 75 Cal. 113; *Grisby* v. *Clear Lake etc. Co.,* 40 Cal. 396; *Savings etc. Soc.* v. *Gerichten,* 64 Cal. 521; *Brigham* v. *Peters,* 1 Gray, 145; *Lambert* v. *People,* 76 N. Y. 228; 32 Am. Rep. 293.) As there is no evidence that the amount claimed became due on an instrument in writing, it was error to allow interest before judgment. (Civ. Code, sec. 1917; *Cox* v. *McLaughlin,* 76 Cal. 71; 9 Am. St. Rep. 164.)

*Swinnerton & Rutherford,* Respondents in *pro per.*

Fairbrother's actual agency did not cease in September, 1889, as he continued to act with the consent of the company, and made leases in 1891, and collected rents in 1892; and although his position was declared vacant in 1889, the company did not recall him, nor do

anything to inform anyone that his agency was at an end. (Civ. Code, secs. 2316, 2355, 2356.) Plaintiffs knew he was defendant's agent in 1888 and 1889, and as he continued to do the same acts, and held himself out as agent, and the company took no steps to stop his operations, the company was guilty of negligence, and he was its ostensible agent. (Civ. Code, sec. 2317.) The court properly allowed the question, "On whose behalf?" It is simply proving the form of the contract. The judgment for interest was proper. (*Mix* v. *Miller,* 57 Cal. 356.)

SEARLS, C.—Action to recover by the plaintiffs, as co-partners, from the corporation defendant and certain others, the sum of five hundred and seventy-five dollars for services rendered by plaintiffs in the year 1892, with interest thereon from January, 1893.

The cause was tried by the court without a jury. A nonsuit was granted as to all the defendants except the corporation, against which judgment was entered for five hundred dollars and legal interest from January 1, 1893, amounting to five hundred and seventy-seven dollars and eighty-three cents.

Defendant appeals from the judgment and from an order denying its motion for a new trial.

The corporation defendant was the owner of a tract of land situate near Stockton in the county of San Joaquin.

On the twelfth day of September, 1888, the defendant entered into a written contract with George H. Fairbrother, by the terms of which the latter was employed by the former for a term of one year, to locate himself at Stockton and act as the agent of the former in and about the land and business of the corporation, to negotiate leases of the land, collect rents, and generally to transact all its business in relation to said land and such other land as might be purchased in the vicinity.

The agreement of agency provided that the agent should not bind the corporation (which was located at

San Jose) to pay any money or assume any responsibility, unless such acts were ratified by the company.

Fairbrother located in Stockton, took charge of the land, leased it to sundry parties, built levees, did dredging, constructed a wharf, and managed the property generally during the term of one year. He incurred obligations and contracted debts, all of which were met and paid by the company, so far as appears, without objection.

In October, 1889, the corporation, by a resolution duly passed, declared the agency of Fairbrother vacant upon the expiration of the year. He continued, however, as before, to manage and attend to the property, and, up to 1892, seems to have made leases, collected rents, etc.

His general management and agency was known to plaintiffs, who knew nothing of the terms and conditions of the agency, or of its termination by act of the company.

Fairbrother became president of the corporation and served as such for one year. The precise time of such service does not clearly appear, but it is to be inferred that it was from April, 1890, to April, 1891.

In August or September, 1892, he employed the plaintiffs to bring several suits to collect rents due from tenants upon the land. They collected some two thousand five hundred dollars, and their services were at the trial admitted to be reasonably worth five hundred dollars.

The question of fact involved on this appeal is this: Did Fairbrother, in August or September, 1892, have authority, either actual or ostensible, to bind the corporation defendant in the employment of the plaintiffs and respondents herein?

The defendant introduced no evidence except such as was drawn from the witnesses of plaintiffs.

The testimony is not as full and explicit on some points as could be wished, but is deemed sufficient to maintain the following propositions: 1. Fairbrother was the general agent of the corporation defendant; 2. Plaintiffs had knowledge of such agency; 3. Said plain-

tiffs never had any notice of the termination of the agency; 4. Said Fairbrother was the ostensible agent of defendant up to the date of the employment of plaintiffs and the rendition by them of the services for which a recovery was had.

These propositions having evidence in their support, the court was warranted in concluding, as found by the first finding, that defendant was, on the first day of January, 1892 (1893), indebted to plaintiffs, etc. The date 1892 is evidently a clerical error, and that 1893 was intended is apparent from the record.

The last portion of the finding is as follows: "And it was agreed by said company that said services should be paid for on January 1, 1893." No evidence is found in the record supporting this finding of an express agreement to pay by defendant on the 1st of January, 1893, or at any other time. But, as the law implies a promise to pay by defendant upon the performance of the services for it, etc., and the showing of their value, it is not perceived that defendant was injured by the finding, except as it may serve as a predicate for allowing interest on the claim. The allowance of interest was error.

In an action to recover the reasonable value of services performed by a plaintiff, the amount, character, and value of which can only be established by evidence in court or by an accord between the parties, and which are not susceptible of ascertainment by computation or by reference to market rates, the plaintiff is not entitled to interest prior to verdict or judgment. (*Cox* v. *McLaughlin*, 76 Cal. 60; 9 Am. St. Rep. 164; *Brady* v. *Wilcoxson*, 44 Cal. 239.) There was no error in the ruling of the court permitting plaintiff's counsel to ask the witness Rutherford on whose behalf the plaintiffs were employed.

The declarations of an alleged agent are not admissible to prove the fact of his agency or the extent of his power as such agent. But the question whether one professing to be an agent employs another in his in-

dividual capacity or for another is quite a different question—a question which goes to the character of the act and not to his authority to perform it.

An agent duly authorized to employ counsel for his principal would not bind such principal by employing such counsel for himself individually.

There are no other errors assigned calling for a consideration.

We recommend that the cause be remanded, and the court below be directed to strike out from the judgment the sum of seventy-seven dollars and eighty-three cents, and that as thus amended the judgment and order appealed from be affirmed, and that the appellant recover its costs on this appeal.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded and the court below directed to strike out from the judgment the sum of seventy-seven dollars and eighty-three cents, and that as thus amended the judgment and order appealed from are affirmed, and that the appellant recover its costs on this appeal.

McFARLAND, J., TEMPLE, J., HENSHAW, J.