[Sac. No. 225.   Department Two.—July 1, 1897.]

CHRISTINA FRITSCH, APPELLANT, v. WILLIAM STAMPFLI ET AL., RESPONDENTS.

APPEAL—UNINTELLIGIBLE BILL OF EXCEPTIONS—AFFIRMANCE OF JUDGMENT.—Where a judgment is attacked on the ground of alleged insufficiency of the evidence to support the finding, and the bill of exceptions is unintelligible by reason of the failure to incorporate the proposed amendments and the proposed bill into one paper, the appellate court will affirm the judgment.

APPEAL from a judgment of the Superior Court of Plumas County.   G. G. CLOUGH, Judge.

The facts are stated in the opinion.

*C. E. McLaughlin,* for Appellant.

*Goodwin & Webb,* for Respondents.

BRITT, C.—Suit to quiet title to a body of lands in Plumas county. Plaintiff appeals from a certain provision of the judgment to the effect that she has no title to a tract of about twenty acres, parcel of the larger body, and relies for reversal upon alleged insufficiency of the evidence to support the findings of the court. There appears in the transcript on appeal a paper entitled, " Bill of Exceptions," purporting to set forth evidence received at the trial, concluding with the statement that, " The foregoing was substantially all the evidence touching the said tract of land"; following this is another document, headed " Defendants' amendments to plaintiff's bill of exceptions"; the amendments cover several pages of printed matter, and are proposed for insertion at sundry places designated by reference to numbers of lines and pages in the original draft of the plaintiff's bill (as we surmise), but there is nothing in the transcript here to indicate the points of insertion; next is a stipulation of counsel that the amendments suggested were correct, and " that the plaintiff's bill of exceptions herein, with the defendants' amendments thereto *attached* be settled," etc. Then appears an order signed by the judge settling and allowing the "within bill of exceptions." There was no engrossment —no incorporation of the proposed bill and amendments in one paper—and the statement at the close of plaintiff's proposed bill, that the matter preceding it "was substantially all the evidence," was permitted to stand.

For the reason that the so-called bill of exceptions is not presented in a manner to be considered in this court, and is unintelligible, the judgment must be affirmed. (*Marlow* v. *Marsh,* 9 Cal. 259; *Skillman* v. *Ri-*

*ley,* 10 Cal. 300; *Baldwin* v. *Ferre,* 23 Cal. 461; *Kimball* v. *Semple,* 31 Cal. 657.)

CHIPMAN, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.