[S. F. No. 1842.  Department Two.—December 17, 1901.]

## MANUEL C. VIERRA, Appellant, v. MANUEL FONTES, Respondent.

BILL OF EXCEPTIONS—AMENDMENTS ALLOWED NOT ENGROSSED—INSUFFICIENT CERTIFICATE—APPEAL.—A certificate of the judge, appended to the original draft of the bill of exceptions, certifying that "the foregoing bill of exceptions, with the amendments thereto, offered by the defendant, which are allowed, is true, and correct, and is hereby allowed and settled," without in any manner identifying the amendments, which were not engrossed, is insufficient, and such bill of exceptions must be disregarded upon appeal.

ID.—EQUITY—ACCOUNTING AGAINST MORTGAGEE—DECREE OF FORECLOSURE NOT PRAYED FOR—JURISDICTION TO AWARD FULL RELIEF.—Where the plaintiff sued in equity for an accounting by the defendant as mortgagee in possession of a dairy business, under a bill of sale made as security for debt, and alleged the receipt of profits in excess of the debt, and prayed for the accounting and for judgment for the excess, and for a reconveyance of the property, and the defendant took issue upon the averments of the complaint, alleged an absolute purchase, and merely prayed that he be dismissed with costs, the court of equity, upon such accounting, had jurisdiction to administer full relief, and do complete justice between the parties, so as to prevent further litigation between them. Where the court found that the transaction was a mortgage, and that the plaintiff was indebted to the defendant, it had jurisdiction to render an affirmative judgment in his favor, and to order the sale of the property, to pay such debt, though not prayed for.

ID.—ESTOPPEL OF PLAINTIFF—RESULT OF ACCOUNTING.—The plaintiff, having brought the defendant into the court to compel an accounting, is in no position to complain of the result of the accounting.

APPEAL from a judgment of the Superior Court of Monterey County.  W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Beverly L. Hodghead, D. E. Alexander, Edward A. Holman, and Frank B. Josephs, for Appellant.

S. F. Geil, and J. W. Bryan, for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendant.

There is some printed matter in the transcript which is sought by appellant to be used as a bill of exceptions, but it is not in a condition to be considered. It appears that a draft of a bill of exceptions was prepared and presented by appellant, to which amendments were proposed by respondent. The only certificate of the trial judge to anything in the shape of a bill is attached to the original draft presented by appellant, and it is certified therein that "the foregoing bill of exceptions, with the amendments thereto offered by the defendant, which are allowed, is true and correct, and is hereby allowed and settled." What the amendments allowed were does not appear in anything that precedes the certificate. Farther on in the transcript there appears several pages of printed matter which seem to contain amendments offered by respondent to the original proposed bill. These amendments are generally in this form: "Insert" proposed matter "after the word.... in line....," and "strike out" certain matter commencing at a word in a certain line and page to and including a certain word in a subsequent page and line—the references being, of course, to the original draft of the bill, and not to the lines and pages of the printed transcript, so that the references are obscure and uncertain. None of these amendments are marked by the judge as allowed. After the transcript was printed, the attorney for appellant, in an attempt to make the amendments intelligible by cross-references, made many interlineations in the printed transcript, so that the clerk did not even certify that the transcript contained a correct copy of the amendments. The bill of exceptions as completed by the amendments was not engrossed, and, of course, there was no engrossed bill certified by the judge—which has been held

necessary by numerous decisions of this court. (*Fritsch* v. *Stampfli,* 117 Cal. 441, and cases there cited.) For these reasons, there is no bill of exceptions before us. It is proper to say that counsel who appear here for appellant are not responsible for the condition of the record.

The judgment-roll presents only the question whether the court was authorized to render an affirmative judgment in favor of respondent.

The complaint contains much unnecessary matter. The material averments are, that on December 15, 1888, plaintiff was the owner of certain live stock and farming utensils and a leasehold interest in a tract of land on which he was carrying on the dairy business, and that at said time he borrowed $1,900 of defendant, and gave him a bill of sale of said property as security for the loan; that the property was of a certain value; that plaintiff and defendant were to have joint possession of the property and joint management of the business; that defendant was to receive the profits and apply the same to the satisfaction of the debt; and that when the debts should be extinguished defendant was to return the property to plaintiff. It was further averred that defendant had received of such profits enough to satisfy the debt, and over four thousand dollars in excess thereof, but refused to return the property. There are numerous averments of particular sums of money alleged to have been received by defendant at various times, for butter and other products of the business, alleged to have been sold by him. The action is for an accounting, for a judgment for the said excess of profits, and for a decree for restitution and reconveyance of such of the property as remained in defendant's hands.

Defendant, in his answer, specifically denies all the averments of the complaint as to the various amounts of money received by him, and as to the amount of the profits and the value of the property; denies that there were any profits, and avers that the business was carried on to defendant's loss and detriment. But defendant also denies that there was any such contract between the parties as that alleged in the complaint; denies that he loaned any money to plaintiff, or took said property as security therefor, and agreed to apply the profits of the business to the payment of the debt; and avers that he made an unconditional purchase of said property from plain-

tiff, and paid him therefor the sum of two thousand dollars, and took absolute possession thereof, and that this was the only transaction that ever occurred between the parties touching said property. The prayer of the answer is, that defendant be dismissed with his costs.

The court found that the transaction was that of a loan from defendant to plaintiff, and a transfer of the property as security, as averred in the complaint. It then went on to take an account between the parties, according to plaintiff's prayer, and found that, instead of defendant owing plaintiff anything, the latter was indebted to defendant in the sum of $2,122.49, for which judgment was rendered for defendant, with a decree for the sale of the property to satisfy that amount.

Appellant contends that the court had no authority to render any affirmative judgment in favor of defendant, because the latter had not prayed for such relief, and because the judgment was contrary to the denials and averments of the answer; but we do not think that this contention can be maintained. Appellant brought defendant into a court of equity to have an accounting and a reconveyance of the property, upon the theory of the alleged contract and the trust relation. The court, therefore, clearly had jurisdiction of that whole subject; and the case is here presented to which the rule applies, that when a court of equity has once obtained jurisdiction it will do complete justice by deciding the whole case, and will determine the whole controversy, so as to prevent future litigation and multiplicity of suits. The judgment in this case would estop respondent from afterwards asserting an absolute ownership of the property; and if the controversy were not determined in the present action, he would be compelled to bring another suit, to litigate over again the very matters which were fully litigated and determined in the case at bar. And appellant having brought respondent into court to compel an accounting, is in no position to complain of the result of that accounting. Notwithstanding the fact that the respondent denied the contract and averred an absolute sale, still the denials and averments of the answer touching the matters alleged as to the accounting showed that, upon the theory of the complaint, appellant was indebted to the respondent; and although the court found against respondent as to the character of the transaction, as all the matters of the accounting

CXXXV. Cal.—9

were fully before it, it had jurisdiction to do complete justice between the parties, and end the litigation. There are no other points made by appellant which we deem it necessary to consider.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.