[Civ. No. 3675.   Second Appellate District, Division One.—February 15, 1922.]

IDA FRASCH REVEAL et al., Respondents, v. HENRY STELL, Appellant.

[1] STATUTE OF LIMITATIONS—DEATH OF PAYEE OF NOTE—COMMENCEMENT OF ACTION WITHIN SIX MONTHS—ABSENCE OF FINDING—WANT OF PREJUDICE.—Where the evidence in an action on a promissory note shows that the payee died before the note was barred by the statute of limitations and that his representative commenced action thereon within six months after the payee's death, although more than four years had then elapsed, the defendant is not prejudiced by the failure of the court to find on his special defense that the action was barred by the statute of limitations, as any finding thereon that the court might make would be adverse.

[2] ID. — SUBSTITUTION OF HEIRS AS PLAINTIFFS — SAME CAUSE OF ACTION.—Such action having been instituted by the representative of the deceased payee within six months after the latter's death, under the authority of section 353 of the Code of Civil Procedure, the subsequent substitution as parties plaintiff of the heirs of the deceased, to whom the note was distributed, did not constitute a new cause of action.

[3] ID.—COUNTERCLAIM FOR SERVICES—FAILURE TO PRESENT CLAIM—INCOMPETENT EVIDENCE.—In such action the court did not commit error in excluding evidence offered by defendant in support of his alleged counterclaim based upon services performed for the payee of the note, at his special instance and request, during the six years immediately preceding the payee's death, where it conclusively appeared that no demand based upon such claim was presented to the administrator until long after the time specified therefor and the only evidence whereby it was sought to establish the fact of the alleged indebtedness, and which the court ruled out as incompetent, was that of defendant as to the occurrences of the transaction had between himself and the deceased.

[4] PLEADING—CROSS-DEMANDS AGAINST ESTATE OF DECEASED—NECESSITY FOR PRESENTATION OF CLAIM.—While under section 440 of the Code of Civil Procedure the right to plead a cross-demand against the estate of a deceased person is not affected by the latter's death, nevertheless such right is subject to a compliance with the law requiring the presentation of such claim to the executor or administrator of the estate of the deceased against which the cross-demand existed.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. V. Richardson for Appellant.

Philip Storer Thacher and George H. Stone for Respondents.

SHAW, J.—Defendant appeals from a judgment rendered against him upon a promissory note made and delivered to Gotthard Grot, which, by its terms, was due and payable on September 26, 1914. Grot died on September 14, 1918, and within six months thereafter, to wit, on March 12, 1919, the administrator of his estate filed a complaint to recover the amount of the note. Thereafter, upon a final order of distribution of the estate, the chose in action was by the court distributed to Ida F. Reveal and Charles F. and Christopher R. Frasch, who, by order of court made upon stipulation of the parties, were substituted as parties plaintiff in the action.

In his answer defendant denied the making of the note, alleged that payment thereof had been made, that it was

barred by the statute of limitations, and, as a setoff and
counterclaim, alleged that deceased at the time of his death
was indebted to him in the sum of twelve hundred dollars
for work and labor performed, at his special instance
and request, during the six years immediately preceding
his death, a verified statement of which claim he alleged
was filed with the administrator of the estate. Other than
as to the bar of the statute of limitations, as to which no
finding was made, the court upon sufficient evidence found
adversely to defendant as to all of these alleged defenses.

[1] At the time of Grot's death the note was not barred,
and the action, under the authority of section 353 of the
Code of Civil Procedure, extending the time for the in-
stitution of suits in such cases, was instituted by his rep-
resentative within six months after his death; hence, since
a finding upon such a question, if made, must have been
adverse to defendant, he was not prejudiced by reason of
the court's failure to find thereon. [2] Nor did the mere
substitution as parties plaintiff of the heirs of deceased,
to whom the note was distributed, constitute a new cause
of action, as claimed by appellant.

[3] Appellant's chief contention is that the court erred
in excluding evidence offered in support of his alleged
counterclaim based upon services performed for Grot, at his
special instance and request, during the six years imme-
diately preceding his death. As to this it not only con-
clusively appears that no demand based upon such claim
was presented to the administrator until long after the time
specified therefor, by reason of which fact it was barred
(sec. 1493, Code Civ. Proc.), but that the only testimony
whereby it was sought to establish the fact, and which the
court ruled out as incompetent, was that of defendant as to
the occurrences of the transaction had between himself and
Grot, the deceased. Such testimony was clearly incompe-
tent. (Sec. 1880, Code Civ. Proc.) Moreover, since it
is made to appear that the claim was not presented as re-
quired by law, it could not be the subject of an action
against the estate, nor the distributees thereof. Conceding
the demand was the proper subject of a counterclaim against
Grot, had he survived, and its operation as such unaffected
by his death (sec. 440, Code Civ. Proc.), nevertheless de-
fendant, in the absence of a presentation of the claim as

required by law, and which was not made, could neither sue thereon nor invoke its payment by pleading it as a counterclaim. In support of his contention that presentation was not necessary, appellant cites *Ainsworth* v. *Bank of California*, 119 Cal. 470 [63 Am. St. Rep. 135, 39 L. R. A. 686, 51 Pac. 952]. Not only does an examination of that case show that the demand upon which the claim was based was duly presented to and rejected by the administrator, but the court says: "Under our code provisions as to claims against estates of deceased persons, it is compulsory upon a claimant to present his claim under oath stating all offsets and credits. Without doing this he cannot maintain an action or be paid his claim." [4] While under section 440 of the Code of Civil Procedure the right to plead a cross-demand against the estate of a deceased person is not affected by his death, nevertheless such right, we think, under our code, is subject to a compliance with the law requiring the presentation of such claim to the executor or administrator of the estate of the deceased against which the cross-demand existed. There was no error in excluding the evidence.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.