[Civ. No. 5530.  Second Appellate District, Division Two.—September 30, 1929.]

DAVID G. KLING, Respondent, v. DR. DAVID G. GUSTASON, Appellant.

Van Lee Hood for Appellant.

William Ellis Lady and D. G. Kling for Respondent.

BURNELL, J., *pro tem.*—This appeal is from a judgment for the plaintiff for attorney's fees. The complaint set up three causes of action, the first alleging the performance by plaintiff of legal services of the reasonable value of $2,145.42, of which sum $319.75 had been paid, the second an open, mutual and current account and the third an account stated. The answer consisted of specific denials as to each cause of action, and as a separate defense "and by way of counterclaim" it set up alleged negligence on the part of respondent while acting as appellant's attorney, claiming that by reason thereof the latter had been damaged in the amount of $2,000.

The court found that the services had been rendered and were reasonably worth $1,030 and that $304.30 of that sum had been paid, leaving a balance due of $725.67. With this finding appellant has no quarrel except that he points out an obvious error in the figures, the complaint having admitted a credit of $319.75, which would make the balance due $710.25. Respondent concedes this point. A reversal is sought by appellant for reasons which we shall discuss *seriatim*.

The first contention advanced has to do with the allowance of interest on the sum found due, amounting to $163. The finding of indebtedness was solely upon the cause of action pleading a *quantum meruit*. There was therefore no support for the finding that "said sum of $725.67 became due and payable on the 17th day of February, 1923, and that plaintiff is entitled to have and recover interest on said sum from said date." "In an action to recover the reasonable value of services performed by a plaintiff, the amount, character and value of which can only be

established by evidence in court . . . the plaintiff is not entitled to interest prior to verdict or judgment." (*Swinnerton* v. *Argonaut Land etc. Co.,* 112 Cal. 375 [44 Pac. 719, 720]; *Cox* v. *McLaughlin,* 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100]; *Erickson* v. *Stockton & T. C. R. Co.,* 148 Cal. 206 [82 Pac. 961]; *Edwards* v. *Arp,* 173 Cal. 472 [160 Pac. 551].)  ▮  While we are in accord with appellant's contention that interest should not have been allowed, the error in including it is not one in itself necessitating a reversal but is one which may be corrected by a modification of the judgment to that extent. (*Fox* v. *Hale & Norcross Silver Min. Co.,* 122 Cal. 219 [54 Pac. 731], *Supreme Lodge* v. *Los Angeles Lodge,* 177 Cal. 132 [169 Pac. 1040], and *Edwards* v. *Arp, supra.*)

We glean from the ill-prepared record before us that the court below attempted to cure this error as well as that in the computation of the credit due to appellant, since we find in "Plaintiff's Bill of Exceptions" (but not elsewhere in the transcript) reference to an order denying a motion for new trial "upon plaintiff's failing consent to a reduction of judgment as follows: $163.00 interest as of date of entry of judgment, $15.45 error in computation of credits" and providing that "unless such consent is filed in five days after notice of this order, motion for new trial is granted." But as to whether or not such consent was filed or as to the date of the order, the record before us is silent.

▮  Appellant's second point is that the court failed to find on the issues presented by the counterclaim (which appellant also refers to as a cross-complaint) and the answer thereto. The only finding as to the counterclaim is as follows: "The court further finds that all the allegations contained in the complaint of the plaintiff, the answer and counterclaim, or cross-complaint of the defendant, and the answer of the plaintiff to counterclaim, or cross-complaint of defendant, inconsistent with the foregoing findings of fact are untrue." This is not sufficient as a finding. The allegations of the counterclaim as to respondent's alleged negligence and the damage to appellant caused thereby are not necessarily inconsistent with the fact of rendition of legal services by respondent and the indebtedness of appellant therefor. Findings of fact should be definite and certain. (*De Cou* v. *Howell,* 190 Cal. 741 [214 Pac. 444]; *Chambers*

v. *Gibson,* 178 Cal. 416 [173 Pac. 752].) A finding similar to that above quoted was thus criticised in *Goodnow* v. *Griswold,* 68 Cal. 599 [9 Pac. 837] : ''The court below found: 'The court finds that the several allegations of said complaint not in conflict with the foregoing findings are true.' We are not informed which of the other findings were, in the opinion of the court below, in conflict with the findings referred to as the 'foregoing findings.' In *Harlan* v. *Ely,* 55 Cal. 340, a finding 'all and singular the allegations of the amended answer are untrue, except so far as the same accord with the foregoing facts,' was held insufficient. This court there said: 'The court below should have assumed the labor of comparing the allegations of the answer with the facts by it found; as it is, we are not informed which of the allegations of the answer were, in the opinion of the court below, true, which untrue. We cannot assume the function of determining for the first time the truth or falsity of any of them, either by reference to the testimony or to the facts actually found.' The finding here is subject to a like objection, and on the authority of *Harlan* v. *Ely* the judgment and order should be reversed.'' Mr. Justice Thornton in a concurring opinion in the same case said: ''The court finds that several matters are not true, and then proceeds to find that the several allegations of said complaint not in conflict with the foregoing findings are true. This is not in accordance with the statute (Code Civ. Proc., sec. 632), which requires the court below to find facts. Such duty is not imposed on this court. The court below must find facts and place them in its decision, so that this court may see when an appeal is taken, what facts the lower court has found, and whether the correct judgment has been pronounced on them. This court is not called on to determine what allegations of a complaint are not in conflict with certain matters found not to be true.'' See, also, *Perkins* v. *West Coast Lbr. Co.,* 5 Cal. Unrep. 674 [40 Pac. 982].

Appellant earnestly asserts that ''sufficient evidence was produced by the defendant to establish a *prima facie* claim for damages on account of the defendant's counterclaim or cross-complaint, which said damages were not found by the court,'' and that if there had been a finding on the issues presented by the counterclaim the amount of respondent's recovery would inevitably have been diminished if not en-

tirely eliminated. He also complains of numerous rulings of the trial court on questions of the admission or exclusion of evidence.

Respondent with equal fervor contends that the counterclaim fails to state facts sufficient to constitute a counterclaim or cause of action, that there was no evidence which would have justified or supported a finding in appellant's favor, and hence that this is a proper case for the application of the rule that failure to find upon an issue raised by answer or cross-complaint is not reversible error where, if the finding had been made, it would necessarily have been adverse to the appellant. (*Reveal* v. *Stell,* 56 Cal. App. 463 [205 Pac. 875] ; *Cross* v. *Thiele,* 51 Cal. App. 780 [197 Pac. 974] ; *Llano Inv. Co.* v. *Minton,* 190 Cal. 752 [214 Pac. 855].)

We think the counterclaim, while somewhat carelessly drafted, contained sufficient facts to raise an issue as to respondent's alleged negligence and appellant's claim of loss therefrom. Stripped of its unessentials it alleges that "as such attorney the plaintiff counseled and advised with defendant and represented defendant in certain collection cases"; that "the advice and counsel given by plaintiff was wrongful . . . and that the plaintiff was careless and negligent in the handling of defendant's affairs," and that by reason of this defendant was subjected to a series of criminal and civil actions, to his loss and damage in the sum of $2,000. This was a sufficient pleading of negligence, which may be alleged in general terms without specifying the particular act or omission which rendered the conduct negligent. (*Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663] ; *Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697 [178 Pac. 713].)

The questions as to the sufficiency, or lack, of evidence relating to the issues tendered by appellant's pleadings, as well as those having to do with the trial court's rulings on evidence, we are precluded from considering on this appeal by reason of the condition of the record before us. The appeal is taken under the original method, which requires the preparation and inclusion in the record of a bill of exceptions when it is sought to review the evidence and the rulings thereon. (Sec. 950, Code Civ. Proc.) The requirements as to the contents of such a bill, the time

within which it must be served on the adverse party, the time and method of proposing amendments thereto and of presentation thereof to the court for settlement are set forth in section 650 of the Code of Civil Procedure, which further provides that after settlement of the bill of exceptions by the trial judge "the bill must thereupon be engrossed and presented to the judge to be certified, by the party presenting it, within ten days." There are few, if any, of the requirements of this section which appear to have been complied with in this case.

■ The transcript on appeal, in addition to the judgment-roll which shows that the judgment appealed from was entered May 10, 1926, and that the notice of appeal was filed May 17, 1926 (there is no indication of service thereof on the respondent), contains two documents styled respectively "Bill of Exceptions" and "Plaintiff's Amendments to Defendant's Bill of Exceptions." These are followed in the transcript by an order reading as follows:

"It is hereby ordered that the foregoing Bill of Exceptions and Amendments thereto be, and the same is hereby settled and approved and I hereby certify that the same constitutes the Bill of Exceptions on appeal herein of the defendants therein named.

"Dated: October 28th, 1926.

"P. E. KEELER,
"Judge of the Superior Court."

The "Bill of Exceptions" is signed by counsel for appellant but is accompanied by no proof, by affidavit of service, admission of receipt of copy or otherwise, that it or a copy thereof was ever served on the adverse party as required by the code section last referred to. The document styled "Plaintiff's Amendments," etc., is equally devoid of any indication of service on defendant. The transcript following the court's order above set forth contains the following: "Endorsed: Filed Oct. 28, 1926. L. E. Lampton, County Clerk; by J. D. John, deputy." There is nothing specific to indicate what this refers to, but we may be justified in assuming, from the order immediately preceding it and from the clerk's certificate, that it refers to both of the documents we are discussing.

Apart from the unexplained lapse of more than five months' time between the filing of the notice of appeal and the order settling the "Bill of Exceptions and Amendments Thereto," no *engrossed* bill of exceptions has ever been filed. The situation here is almost identical with that in *Fritsch* v. *Stampfli,* 117 Cal. 441 [49 Pac. 559], where the appellant relied upon alleged insufficiency of the evidence to support the findings. We quote from the opinion in that case: "There appears in the transcript on appeal a paper entitled, 'Bill of Exceptions,' purporting to set forth evidence received at the trial, concluding with the statement that, 'The foregoing was substantially all the evidence touching the said tract of land'; following this is another document, headed 'Defendants' amendments to plaintiff's bill of exceptions'; the amendments cover several pages of printed matter, and are proposed for insertion at sundry places designated by reference to numbers of lines and pages in the original draft of the plaintiff's bill (as we surmise), but there is nothing in the transcript here to indicate the points of insertion; next is a stipulation of counsel that the amendments suggested were correct, and 'that the plaintiff's bill of exceptions herein, with the defendants' amendments thereto attached be settled,' etc. Then appears an order signed by the judge settling and allowing the 'within bill of exceptions.' There was no engrossment—no incorporation of the proposed bill and amendments in one paper— and the statement at the close of plaintiff's proposed bill that the matter preceding it 'was substantially all the evidence,' was permitted to stand. For the reason that the so-called bill of exceptions is not presented in a manner to be considered in this court, and is unintelligible, the judgment must be affirmed. (*Marlow* v. *Marsh,* 9 Cal. 259; *Skillman* v. *Riley,* 10 Cal. 300; *Baldwin* v. *Ferre,* 23 Cal. 461; *Kimball* v. *Semple,* 31 Cal. 657.)"

In *Vierra* v. *Fontes,* 135 Cal. 126 [66 Pac. 241, 242], the question of the necessity for an engrossment of the proposed bill of exceptions and of the allowed amendments thereto was again before the Supreme Court. The transcript in that case contained a "certificate" signed by the trial judge attached to the draft of a bill of exceptions presented by the appellant, wherein it was certified that "the foregoing bill of exceptions, with the amendments thereto

offered by the defendant, which are allowed, is true and correct, and is hereby allowed and settled.''

It also contained what appeared to be defendant's proposed amendments. This was held not to comply with the requirement that after having been settled ''the bill must thereupon be engrossed and presented to the judge to be certified, by the party presenting it, within ten days'' (sec. 650, Code Civ. Proc.). Said the court: ''The bill of exceptions as completed by the amendments was not engrossed, and, of course, there was no engrossed bill certified by the judge—which has been held necessary by numerous decisions of this court. (*Fritsch* v. *Stampfli,* 117 Cal. 441 [49 Pac. 559], and cases there cited.) For these reasons there is no bill of exceptions before us.'' Referring to the judge's certificate in that case the court pointed out that ''what the amendments allowed were does not appear in anything that precedes the certificate.'' So here there is nothing in the certificate or elsewhere in the transcript to indicate which, if any, of the plaintiff's amendments were allowed and should have been incorporated in an engrossed bill of exceptions, certified by the trial judge to be correct.

■    Because of the trial court's failure to find upon the issues tendered by the counterclaim and the answer thereto, the cause must be remanded. There is no necessity, however, for a retrial of the issues as to the rendition of legal services by plaintiff as set forth in the complaint and as to the reasonable value thereof. As to these matters the judgment is modified by deducting from the amount thereof the sum of $163, interest erroneously allowed, and the further sum of $15.45, the difference between the credit admittedly due to appellant and the figures erroneously incorporated in the findings, thus reducing the amount awarded respondent to $710.25. As so modified that portion of the judgment is affirmed, subject, however, to whatever, if any, diminution of the amount thereof the court, on a retrial of the issues raised by the counterclaim and the answer thereto, may find and determine the defendant to be entitled to. For the purpose of a retrial as to such issues the judgment is reversed and the cause remanded.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1929.

All the Justices concurred.