[Civ. Nos. 9356, 9357. Second Appellate District, Division One.—July 3, 1935.]

GEORGE C. JOHNSON, Respondent, v. HOWARD MARR et al., Appellants.

Jensen & Jensen for Appellants.

George C. Johnson, *in pro. per.,* for Respondent.

ROTH, J., *pro tem.*—Respondent filed two several actions against defendants and appellants. One is based on fraud alleging damages in the sum of $3,000 (action No. 319760); the other (action No. 318472) is predicated upon the reasonable value of services rendered to appellants by respondent as an attorney at law, pursuant to employment of respondent by said appellants, which employment respondent terminated when he discovered the fraud which appellants had perpetrated upon him, and which fraud forms the basis of the fraud action. Because the parties and witnesses to both actions were identical, a motion to consolidate them for trial based upon the convenience of all concerned, was granted. Judgments in both cases went for respondent. From these several judgments separate appeals were taken, but upon stipulation of the parties an order was made permitting the filing of one set of briefs for both cases.

Appellants urge first, with respect to both of said actions, that it was error for the trial court to make and render separate findings, conclusions and judgments in said actions, contending that there should have been but one consolidated set of findings, conclusions and judgment in both cases, and citing the case of *Stanton* v. *Superior Court,* 202 Cal. 478

[261 Pac. 1001], as authority for such assertion. There is nothing in said case which so holds. Both actions were separate and distinct, and the causes of action severally stated in each were in no manner related, except that they were between the same parties, and it happened that the same witnesses testified in each. A consolidation for purposes of trial does not merge the issues in separate cases when they are separate and thus change the requirement for several findings, conclusions and judgment in each case in the absence of a stipulation therefor. (Code Civ. Proc., sec. 632.)

■ With reference to action No. 319760, appellants contend that the findings are vague and uncertain. The findings generally follow specifically the language of the first amended complaint, to which no demurrer was taken. With reference to allegations V and IX thereof, the court found generally that they were true. Allegation V, it is true, does contain some matters by way of recital, but it also alleges sufficient facts upon which a judgment could be properly based, if the language of the allegation were set forth in the findings. In view of the other findings specifically made, there is nothing fatal in the finding which adopts allegation IX of the first amended complaint. It is true that if the reference to allegation IX stood alone and unaided the judgment against appellant Annie S. Marr might possibly be defective, but it does not, there being ample facts found in the other findings to support a judgment against her. There is nothing in the cases of *Kling* v. *Gustason,* 101 Cal. App. 58 [281 Pac. 407], and *Tasker* v. *Nieto,* 108 Cal. App. 135, 151 [291 Pac. 688], applicable to the facts here, as all the facts necessary to support the judgments were specifically found with the exception of the two findings made by reference to allegations V and IX of the first amended complaint, and there were no separate defenses, counterclaims or cross-complaints involved.

■ With reference to action No. 318472, appellants urge that the trial court erroneously allowed interest. Respondent contends that his action for fees was not based upon a *quantum meruit,* as was the case in *Kling* v. *Gustason, supra,* but upon a breach of contract for employment. The contract of employment pleaded does. not allege any agreement as to the value of services to be rendered, and the complaint definitely alleges and is unquestionably predicated upon "reasonable value". On the facts, therefore, the language of the

Gustason case, 101 Cal. App. 58, 60, 61 [281 Pac. 407], is appropriate. " 'In an action to recover the reasonable value of services performed by a plaintiff, the amount, character and value of which can only be established by evidence in court . . . the plaintiff is not entitled to interest prior to verdict or judgment.' (*Swinnerton* v. *Argonaut Land etc. Co.*, 112 Cal. 375 [44 Pac. 719] . . . ; *Cox* v. *McLaughlin*, 76 Cal. 60 [18 Pac. 100, 9 Am. St. Rep. 164] . . . ; *Erickson* v. *Stockton & Tuolumne County R. Co.*, 148 Cal. 206 [82 Pac. 961] . . . ; *Edwards* v. *Arp*, 173 Cal. 472 [160 Pac. 551] . . . ) While we are in accord with appellant's contention that interest should not have been allowed, the error in including it is not one in itself necessitating a reversal but is one which may be corrected by a modification of the judgment to that extent."

The judgment in case No. 318472 is therefore modified so as to eliminate therefrom the interest allowed on account of services to date of judgment. In all other respects said judgment is affirmed. Judgment in case No. 319760 is affirmed. Each of the parties to pay their own costs on appeal.

Houser, Acting P. J., and York, J., concurred.